UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MALIK M. JUSTIN,

    Plaintiff,

v.

REAL OPTION FOR CITY KIDS, et al.,

    Defendants.

Case No. 24-cv-03387-AMO

**ORDER OF DISMISSAL**

Plaintiff commenced this action on June 5, 2024. ECF 1. On July 16, 2024, after the case was reassigned to the undersigned, the Court issued an Order to Show Cause instructing Plaintiff to explain why the case should not be dismissed for failure to prosecute the case and to comply with court orders. ECF 8. Plaintiff's response was due July 31, 2024. *Id.* No response was filed.

Federal Rule of Civil Procedure 41(b) permits the involuntary dismissal of an action or claim for a plaintiff's failure to prosecute. *See Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962) ("authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power'"). Before dismissing for failure to prosecute, the Court must weigh several factors including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring the disposition of cases on their merits. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). Dismissal is warranted under Rule 41(b) "where at least four [of the five] factors support dismissal, . . . or where at least three factors 'strongly' support dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (citation omitted).

Here, four of these factors weigh in favor of dismissal.

First, the public's interest in expeditious resolution of litigation always favors dismissal for failure to prosecute. *See Yourish*, 191 F.3d at 990.

Second, the Court's need to manage its docket supports dismissal. *Pagtalunan*, 291 F.3d at 642. This case appears redundant in light of the several other cases Justin filed against the same Defendants with similar allegations. *See, e.g.*, Justin v. Real Options for City Kids et al., N.D. Cal. Case No. 24-cv-03309-AMO. Moreover, Plaintiff has taken no action in relation to this case since it was initially filed.

The third factor the Court considers is "the risk of prejudice to defendants/respondents." *Pagtalunan*, 291 F.3d at 642. "Delay in serving a complaint is a particularly serious failure to prosecute because it affects all the defendant's preparations." *Anderson v. Air West, Inc.*, 542 F.2d 522, 525 (9th Cir. 1976) (citation omitted). Therefore, "[u]nreasonable delay is the foundation upon which a court may presume prejudice." *Sw. Marine Inc. v. Danzig*, 217 F.3d 1128, 1138 (9th Cir. 2000); *see also In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994) (citing *Anderson*, 542 F.2d at 524). "However, this presumption of prejudice is a rebuttable one and if there is a showing that no actual prejudice occurred, that factor should be considered when determining whether the trial court exercised sound discretion." *Eisen*, 31 F.3d at 1452-53 (quoting *Anderson*, 542 F.2d at 524). Here, Plaintiff has not responded to the Court's order and thus fails to rebut the presumption of prejudice to the still unserved defendants. Accordingly, this factor also weighs in favor of dismissal.

The fourth factor the Court considers is "the availability of less drastic alternatives." *Pagtalunan*, 291 F.3d at 642. Examples of less drastic alternatives include a warning, formal reprimand, fine, or imposition of costs or attorney's fees. *See Malone*, 833 F.2d at 132 n.1. The Court has considered less drastic sanctions and already issued a warning to Plaintiff that he faced the risk of dismissal. *See Olivia v. Sullivan*, 958 F.2d 272, 273-74 (9th Cir. 1992) (finding these two factors "decisive" where a Court sua sponte dismisses for failure to prosecute). In light of the warning provided, as well as the chance to avoid dismissal, no less-drastic alternative remains available to the Court. *See* ECF 8; *cf. Pagtalunan*, 291 F.3d at 643 (finding that a warning did not constitute considering "less-drastic alternatives" when it came before any disobedience of a court

order).

The fifth and final factor the Court considers is "the public policy favoring disposition of cases on their merits." *Pagtalunan*, 291 F.3d at 642. While the public policy "favoring disposition of cases on their merits strongly counsels against dismissal," "this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006); *see also Moore v. Jaime*, 2022 WL 326642, at *4 (C.D. Cal. Feb. 3, 2022); *Vyas v. Vyas*, 2017 WL 3600383, at *6 (C.D. Cal. Aug. 18, 2017). Here, Plaintiff has not acted to remedy the defects in his application to proceed in forma pauperis, and he has not responded to any court order since the filing of this case. Such conduct impedes progress of the case. Therefore, the public policy favoring disposition on the merits factor neither weighs in favor of or against dismissal. *See Phenylpropanolamine*, 460 F.3d at 1234.

In summary, dismissal pursuant to Federal Rule of Civil Procedure 41(b) is warranted here because at least four factors favor dismissal. Accordingly, this action is **DISMISSED**, without prejudice, for Plaintiff's failure to prosecute. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: August 6, 2024

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**